**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

JACK MUST,

     Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO., a Colorado corporation, d/b/a
AMERICAN FURNITURE WAREHOUSE

     Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

     Plaintiff, Jack Must, for his complaint against Defendant, American Furniture Warehouse Co., states and alleges as follows:

**GENERAL ALLEGATIONS**

     1.    This is an action to recover damages arising from Plaintiff Must's discharge from his employment as a store manager with Defendant American Furniture Warehouse Co. because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq.

     2.    Plaintiff Must is and, at all times relevant to this action, has been a resident of Thornton, Colorado. His date of birth is October 23, 1954, and at the time of his discharge he was 49 years of age.

3. Defendant American Furniture Warehouse Co. is a corporation created and existing under the laws of the State of Colorado, with its principal office located at 8820 American Way in Englewood, Colorado, which does business under the trade name American Furniture Warehouse ("AFW").  Defendant AFW is in the business of selling furniture and operates approximately 12 furniture stores within the State of Colorado.

4. Defendant AFW is engaged in an industry affecting commerce within the meaning of 29 U.S.C. §630(h).

5. Defendant AFW had at least 20 employees for each working day in each of 20 or more calendar weeks, during the period 2004-2006.  Indeed, during that period, Defendant AFW employed at least 500 persons at any given time.

6. Plaintiff Must was employed by Defendant AFW between 1988 and 1992 as a salesperson.  In approximately 1998, Plaintiff Must was rehired by Defendant AFW and began management training in approximately June, 1999.  He was promoted to assistant store manager of Defendant AFW's store located at 9979 Wadsworth Parkway in Broomfield, Colorado ("the Westminster store") in approximately February, 2001.

7. After performing well in his position as assistant store manager, Plaintiff Must was promoted to store manager of the Westminster store in approximately June, 2001.

8. Plaintiff Must's performance as store manager of the Westminster store continued to be satisfactory through his discharge from that position.  Under his management, the Westminster store continued to perform at or above the levels of gross

2

revenues that it had historically.

## FIRST CLAIM FOR RELIEF
### (Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq.)

9. Plaintiff Must hereby incorporates all previous allegations as though fully set forth herein.

10. On July 6, 2004, Plaintiff Must was discharged from his position as manager of the Westminster store by Defendant AFW's General Manager, Andrew Zuppa.

11. Plaintiff's age was a determining factor in AFW's decision to discharge him from his position as the manager of the Westminster store, which is demonstrated by the following facts, among others:

   a. Defendant AFW had determined that it would not retain older workers when the same job could be performed by younger workers with less seniority, and consequently lower salaries and bonuses, as well as lower health insurance costs, among other costs.

   b. At the time of his discharge, Plaintiff Must was 49 years old and had been employed by Defendant AFW, off and on, for approximately ten years. He was compensated at the rate of approximately $77,000 per year, including salary and bonuses, which was based in part upon his seniority with AFW, plus a benefit package including health insurance.

    c.    Following Plaintiff Must's discharge, the position of store manager at the Westminster store was not eliminated, and Plaintiff Must was immediately replaced by a man who was 28 years of age at the time, who had much less seniority with the company, and consequently was compensated at a significantly lower salary and bonus than Plaintiff Must had been, and represented less of an expense to the company for health insurance purposes than had Plaintiff Must.

    d.    Upon information and belief, both before and after Defendant AFW's discharge of Plaintiff Must, it also discharged other store managers over the age of 40 years, and replaced such managers with younger managers.

    e.    Upon information and belief, at or about the time of Plaintiff Must's discharge, Defendant AFW's Chief Executive Officer had communicated to managers that he intended to "go younger" in hiring and retention decisions, that "high school girls" could sell AFW's merchandise, that AFW salespersons should be terminated and replaced with "high school girls," and had made other statements of similar import.

12.    Age is not a bona fide occupational qualification reasonably necessary to the normal operation of Defendant AFW's business within the meaning of 29 U.S.C. §623(f)(1), and in particular, to the duties of the manager of the Westminster store.

13. There are no legitimate or reasonable factors other than age for Plaintiff Must's discharge, and any alleged factors other than age are merely pretextual.

14. Plaintiff Must filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, which was designated EEOC Charge No. 320-2005-01650. The EEOC closed the case and issued a Notice of Right to Sue on June 21, 2006.

15. As a direct and proximate result of his termination by Defendant AFW, Plaintiff Must was unable to find employment for a number of weeks, was ultimately required to take a commissioned salesman's position at significantly lower compensation with a company with which he had no seniority, was required to pay additional amounts for health insurance for him and his family, and suffered additional economic losses.

## PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff Must prays that this Court enter judgment in his favor and against Defendant AFW, and grant appropriate legal and equitable relief, including, but not limited to, back-pay, reimbursement for lost wages, liquidated damages, front-pay, and other economic damages, together with interest pursuant to law, costs, attorney's fees, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial to a jury on all issues herein so triable.

DATED this 19th day of September, 2006.

                                            BUCHANAN, JURDEM & CEDERBERG, P.C.

                                                       s/ Ross Buchanan

By: _____
     Ross B.H. Buchanan, #12184

1621 18th Street, Suite 260
Denver, CO 80202
Telephone: (303)297-2277

ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
13160 Birch Way
Thornton, Colorado 80241