IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01872-RPM-MEH

JACK MUST,

    Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO., a Colorado corporation, d/b/a
AMERICAN FURNITURE WAREHOUSE

    Defendant.

## ANSWER

COMES NOW the Defendant, American Furniture Warehouse Co. ("AFW"), through its undersigned counsel, and hereby responds to the Complaint and Jury Demand ("Complaint") as follows:

### GENERAL ALLEGATIONS

1. In response to the allegations set forth in Paragraph 1 of the Complaint, AFW admits that this is an action to recover damages, but denies that Plaintiff Must was discharged, and denies that AFW violated the Age Discrimination in Employment Act.

2. AFW admits the allegations set forth in the first sentence of Paragraph 2 of the Complaint. AFW further admits that Plaintiff's date of birth is October 23, 1954. AFW denies that Plaintiff was discharged, and denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3. AFW admits the allegations set forth in Paragraph 3 of the Complaint.

4. AFW admits the allegations set forth in Paragraph 4 of the Complaint.

5.    AFW admits the allegations set forth in Paragraph 5 of the Complaint.

6.    AFW denies the allegations set forth in the first sentence of Paragraph 6 of the Complaint.  AFW admits the remaining allegations set forth in Paragraph 6 of the Complaint.

7.    In response to the allegations set forth in Paragraph 7 of the Complaint, AFW admits that Plaintiff Must was promoted to store manager at the Westminster store.  AFW denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.    AFW denies the allegations set forth in Paragraph 8 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*)

9.    In response to the allegations set forth in Paragraph 9 of the Complaint, AFW incorporates its prior responses to the previous allegations in the Complaint as though set forth fully herein.

10.    AFW denies the allegations set forth in Paragraph 10 of the Complaint, and affirmatively states that on July 6, 2004, Plaintiff Must chose to resign his employment after refusing to accept a transfer to a sales position.

11.    AFW denies the allegations set forth in Paragraph 11 of the Complaint.

12.    AFW admits the allegations set forth in Paragraph 12 of the Complaint.

13.    AFW denies the allegations set forth in Paragraph 13 of the Complaint.

14.    AFW admits the allegations set forth in Paragraph 14 of the Complaint.

15.    In response to the allegations set forth in Paragraph 15 of the Complaint, AFW denies that it terminated the employment of Plaintiff Must, and states that it is without sufficient knowledge or information as to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

16.     AFW denies that Plaintiff Must is entitled to any of the relief sought forth in the prayer for relief.

17.     AFW denies each and every allegation of the Complaint not specifically admitted above.

## FIRST SEPARATE DEFENSE

18.     Plaintiff's claims are barred in whole or in part because the challenged decision was based on reasonable factors other than age.

## SECOND SEPARATE DEFENSE

19.     Plaintiff's claims are barred in whole or in part because AFW would have made the challenged decision even in the absence of a discriminatory motive.

## THIRD SEPARATE DEFENSE

20.     Plaintiff's claims are barred in whole or in part by AFW's good faith belief in the legality of the challenged decision.

## FOURTH SEPARATE DEFENSE

21.     Plaintiff's claims are barred in whole or in part because any statutory violation is not willful.

## FIFTH SEPARATE DEFENSE

22.     Plaintiff's claims are barred in whole or in part by his failure to mitigate his damages, if any.

WHEREFORE, for the reasons set forth above, AFW requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff, that it be

awarded its costs and reasonable attorneys fees, and for such other relief to which it might be entitled.

Respectfully submitted this 20th day of November, 2006.

                                              s/ Andrew W. Volin
**Andrew W. Volin, Esq.**
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile:   (303) 298-0940
E-Mail:      AVolin@sah.com

Gary J. Benson, Esq.
DWORKIN, CHAMBERS & WILLIAMS, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO  80210
Phone: (303) 584-0990
Fax:    (303) 584-0995
E-mail:gbenson@dnvrlaw.com

*Attorneys for Defendant*
*American Furniture Warehouse*

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2006, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

*Via email:* *rbhbcolo@aol.com*

Ross B.H. Buchanan, Esq.
BUCHANAN, JURDEM & CEDERBERG, P.C.

s/ Marilyn Badolato, Assistant to Andrew W. Volin