**RECEIVED** DEC 2 ? 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN** 4 2007

**GREGORY C. LANGHAM**
CLERK

Civil Case No. 06-CV-01872-RPM-MEH

JACK MUST,

      Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO.,
a Colorado corporation d/b/a AMERICAN
FURNITURE WAREHOUSE,

      Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL

A Scheduling Conference is scheduled on January 4, 2007, at 10:30 a.m., before

Senior District Judge Richard P. Matsch, in the Conference Room, 2nd floor, at the Byron

White United States Courthouse, 18th and Stout Streets, Denver, Colorado.

The parties will be represented by the following counsel:

**For the Plaintiff Jack Must:**

Ross B.H. Buchanan, Esq.
BUCHANAN, JURDEM & CEDERBERG, P.C.
1621 18th Street, Suite 260
Denver, CO  80202
Telephone:  (303) 297-2277
Facsimile:  (303) 297-2233

**For the Defendant American Furniture Warehouse:**

Andrew W. Volin, Esq.
SHERMAN & HOWARD, LLC
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940

Gary J. Benson, Esq.
DWORKIN CHAMBERS & WILLIAMS, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO 80210
Telephone: (303) 584-0990
Facsimile: (303) 584-0995

## 2. STATEMENT OF JURISDICTION

This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621, et seq. The Court's subject matter jurisdiction is based upon the federal question, pursuant to 28 U.S.C. §1331. Jurisdiction is not denied.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This is an action to recover damages arising from Plaintiff Must's discharge from his employment as a store manager with Defendant American Furniture Warehouse ("AFW") because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§621, et seq.

At the time of his termination, Plaintiff Must had been employed by Defendant AFW for a total of approximately 10 years, in positions of salesperson, assistant store manager and,

for the last three years of his employment, as manager of AFW's Westminster store. Plaintiff's performance in his position as store manager of the Westminster store had been satisfactory, and his age (49 years old) was a determining factor in AFW's decision to terminate him on July 6, 2004. Following his discharge, Plaintiff Must was replaced by a man who was 28 years of age at the time, who had much less seniority with the company and consequently was compensated with a significantly lower salary and bonus than Plaintiff Must had been, and represented less of an expense to the company for health insurance purposes than had Plaintiff Must. Plaintiff Must's termination was part of a pattern of actions by AFW  to terminate older workers when the same job could be performed by younger workers with less seniority, and consequently lower salaries and bonuses, as well as lower health insurance costs. Age is not a bona fide occupational qualification for the manager of the Westminster store. Defendant's claims that Plaintiff Must was not discharged and that his performance as store manager had been unsatisfactory are false and merely pre-textual.

Plaintiff Must seeks an award of back-pay, reimbursement for lost wages, liquidated damages, front-pay, and other economic damages, together with interest pursuant to law, costs, attorney's fees, and for such other and further relief as the Court deems just and proper.

b.  <u>Defendant</u>:

AFW, a furniture retailer with multiple stores in Colorado, denies that it discharged Plaintiff's employment, or that it otherwise discriminated against him, on the basis of his age. AFW hired Plaintiff into a furniture store sales position in 1998 when he was 43, and AFW promoted him to a furniture store manager position in mid-2001 when he was 46.

As context for the critical events that took place just a few years later in 2004, it should be noted Plaintiff's store was one of the lowest performing stores along the front range, and he was not highly regarded as a store manager by upper management. During mid-2004, while Plaintiff was 49, there were a series of problems involving Plaintiff's store and his conduct towards upper management.

The "final straw" was an incident around the July 4th holiday, which AFW considered a strong furniture sales opportunity during which managers were expected to work. Plaintiff complained to upper management about having to work on both a Sunday and a Monday and threatened not to do so.  In the perspective of AFW's upper management, this type of complaint and threat is incompatible with the leadership expected from a store manager.

In May, 2004, after one incident, the General Manager (the position reporting directly to the President and CEO, Jake Jabs) wanted to terminate Plaintiff's employment. After the July 4th incident, the Assistant General Manager also wanted to fire him. However, both times, Andrew Zuppa (who was the same person who had made the decision to promote the Plaintiff in 2001) intervened to prevent Plaintiff's employment from being terminated.

4

By the time of the July 4th incident, Mr. Zuppa was the General Manager (the former General Manager just had been demoted out of upper management to the store level). Mr. Zuppa decided that rather than firing Plaintiff as a result of the July 4th incident (as the Assistant General Manager wanted) and the prior problems, he should instead be given a chance to return to a furniture sales position. Plaintiff's age had nothing to do with this decision. Nor was Mr. Zuppa motivated to replace Plaintiff with a younger employee in order to create purported savings in salary and benefits, as alleged in the Complaint.

When Mr. Zuppa met with the Plaintiff on July 6, 2004 to inform of this decision, the Plaintiff chose to reject the sales opportunity on the spot, and he threatened Mr. Zuppa. Thus, Plaintiff chose to resign rather than accept the demotion from store manager.

AFW has asserted a variety of defenses to the age discrimination claim, including that the claim is barred in whole or in part because: (1) the challenged decision was based on reasonable factors other than age; (2) AFW would have made the challenged decision even in the absence of a discriminatory motive; (3) AFW's good faith belief in the legality of the challenged decision; (4) any statutory violation is not willful; and (5) Plaintiff's failure to mitigate his damages, if any.

### 4. <u>UNDISPUTED FACTS</u>

The following facts are undisputed:

1.      At all relevant times, Plaintiff Must has been a resident of Thornton, Colorado.

2.     Plaintiff Must's date of birth is October 23, 1954 and, at the time of the events forming the basis for this action, he was 49 years old.

3.     Defendant AFW is a Colorado corporation with its principal office located in Englewood, Colorado, and is in the business of selling furniture and operates approximately 11 furniture stores within the State of Colorado.

4.     Defendant AFW is engaged in an industry affecting commerce within the meaning of 29 U.S.C. §630(h).

5.     Defendant AFW had at least 20 employees for each working day in each of 20 or more calendar weeks during the period 2004-2006.  During that period, AFW employed at least 500 persons at any given time.

6.     In approximately 1998, Plaintiff Must was re-hired by Defendant AFW and began management training in approximately June, 1999.

7.     Plaintiff Must was promoted to assistant store manager of AFW's Westminster store in approximately February, 2001.

8.     Plaintiff Must was promoted to store manager of AFW's Westminster store in approximately June, 2001.

9.     Plaintiff's employment with Defendant ended on July 6, 2004.

10.    Age is not a bona fide occupational qualification reasonably necessary to the normal operation of Defendant AFW's business within the meaning of 29

U.S.C. §623(f)(1), and in particular to the duties of the manager of the Westminster store.

11.     Plaintiff Must filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, which was designated EEOC Charge No. 320-2005-01650. The EEOC closed the case and issued a Notice of Right to Sue on June 21, 2006.

## 5. COMPUTATION OF DAMAGES

Plaintiff Must seeks an award of back-pay consisting of the differential between the amount of compensation he would have received, consisting of salary, bonus and benefits package at AFW, compared to the compensation he receives in his employment with John Elway Honda (now known as "GO"). As of the date of his termination on July 6, 2006, Plaintiff Must was compensated at the annual rate of approximately $77,000 (in salary and bonus) and his benefits package consisted of health insurance, dental insurance, vision care, and life insurance, which were paid in part by AFW. At John Elway Honda, Plaintiff was compensated strictly on a commission basis, and during the last approximately three (3) months of 2004 he made approximately $25,000 and in 2005 he made approximately $65,000. He must pay for his own benefits. A calculation of the amount of back-pay will be provided in Plaintiff's Rule 26(a)(1) Disclosures.

Plaintiff Must also seeks the wages he lost during the approximately six (6) weeks he was out of work before assuming his position with John Elway Honda in the amount of approximately $7,200 in salary, plus a proportionate share of his bonus.

Plaintiff Must also seeks an award of front-pay consisting of his salary, bonus and benefits package with Defendant AFW at the rates and amounts previously stated.

Plaintiff Must also seeks an award of liquidated damages under the ADEA.

Finally, Plaintiff Must also seeks an award of his costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## 6. <u>REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)</u>

a.       <u>Date of rule 26(f) meeting</u>:  Wednesday, December 27, 2006

b.       <u>Names of each participant and party he represented</u>:

Ross Buchanan, Esq., representing Plaintiff Jack Must, and Gary Benson, Esq. and Andrew W. Volin, Esq., representing Defendant, AFW.

c.       <u>Proposed changes in timing or in requirements of disclosure under Fed.R.Civ.P. 26(a)(1)</u>:    The parties propose that their Rule 26(a)(1) Disclosures be exchanged on or before Friday, January 12, 2007.

d.       <u>Statement as to when Rule 26(a)(1) Disclosures were made or will be made</u>: The parties' disclosures will be made on or before Friday, January 12, 2007.

e.       No informal discovery will be conducted in this case.

f.    The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

## 7. CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment of Pleadings Friday, February 16, 2007.

b.    Discovery Cut-off:   Wednesday, August 1, 2007

c.    Dispositive Motion Deadline:   Wednesday, September 5, 2007

d.    Expert Witness Disclosures:

   (1)    Anticipated fields of expert testimony

      (a)    Statistics

      (b)    Economics

   (2)    State any limitations proposed on the use or number of expert witnesses:  The parties agree to three (3) expert witnesses per side.

   (3)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before Friday, June 1, 2007.

   (4)    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Friday, July 6, 2007.

9

(5)   Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no

exception to the requirements of the rule will be allowed by stipulation

of the parties unless the stipulation is approved by the Court.

e.   <u>Deposition Schedule</u>:

| Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Andrew Zuppa | Pending; to be scheduled during the period 4/26-5/11/07 | | 4 hours |
| Jake Jabs | Pending; to be scheduled during the period 4/26-5/11/07 | | 3 hours |
| Nolan Morrison | Pending; to be scheduled during the period 4/26-5/11/07 | | 3 hours |
| Mike Buscietta | Pending; to be scheduled during the period 4/26-5/11/07 | | 2 hours |
| Dale Pepper | Pending; to be scheduled during the period 4/26-5/11/07 | | 2 hours |
| Crystal Hayes | Pending; to be scheduled during the period 4/26-5/11/07 | | 2 hours |
| Tom Ward | Pending; to be scheduled during the period 4/26-5/11/07 | | 2 hours |
| Jack Must | Pending; to be scheduled during the period 4/26-5/11/07 | | |

| Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Additional witnesses as revealed in discovery | Pending; to be scheduled during the period 4/26-5/11/07 | | To be determined |
| Expert witnesses | Pending; during the week of July 23, 2007 | | To be determined |

f.      Interrogatory Schedule:   The parties shall exchange written interrogatories on or before 33 days prior to the discovery cut-off date.

g.      Schedule for Request for Production of Documents:   The parties shall exchange written requests for production of documents on or before 33 days prior to the discovery cut-off date.

h.      Discovery Limitations:

(1)      Any limits which any party wishes to propose on the number of depositions:  None other than the limits contained in Fed.R.Civ.P. 30(a)(2).

(2)      Any limits which any party wishes to propose on the length of depositions:  None other than the limits contained in Fed.R.Civ.P. 30(d)(2).

(3)      Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:  None.

(4)      Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: Defendant proposes a limitation of twenty-five (25) ~~interrogatories~~ requests for admission and twenty-five (25) requests for production of documents.

11

Plaintiff proposes limitations of forty (40) interrogatories and forty (40) requests for production of documents.

(5)   Other Planning or Discovery Orders: None.

## 8. SETTLEMENT

The parties hereby certify that, pursuant to Fed.R.Civ.P. 26(f), they have discussed possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties are willing to participate in a settlement conference with assigned Magistrate Judge Haggerty, and will report the results of any such settlement conference to the Court within ten (10) days of its completion.

## 9. OTHER SCHEDULING ISSUES

a.   A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: See Section 7, h, (4), above.

b.   Anticipated length of trial and whether trial is to the court or jury: The parties anticipate that the trial in this matter will take approximately five (5) days. The trial is to a jury.

## 10. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

12

DATED this _4th_ day of _January_, 2007.

BY THE COURT:

Richard P. Matsch
Senior District Judge

**SCHEDULING ORDER REVIEWED:**

BUCHANAN, JURDEM &
    CEDERBERG, P.C.

By: _____
    Ross B.H. Buchanan, Esq.

1621 18th Street, Suite 260
Denver, CO  80202
Telephone: (303) 297-2277

ATTORNEYS FOR PLAINTIFF

SHERMAN & HOWARD, LLC

By: _____
    Andrew W . Volin, Esq.

633 17th Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900

Gary J. Benson, Esq.
DWORKIN CHAMBERS &
    WILLIAMS, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO   80210
Telephone: (303) 584-0990

ATTORNEYS FOR DEFENDANT

13