IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01872-RPM-MEH

JACK MUST,

Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO., a Colorado corporation, d/b/a
AMERICAN FURNITURE WAREHOUSE

Defendant.

---

**DEFENDANT'S MOTION FOR SANCTIONS**

---

**I.  SUMMARY**

AFW's Motion For Summary Judgment incorporates this issue and the requested relief. AFW submits this as a separate motion to highlight this issue for the Court's convenience, and because if the Court denies AFW's Motion For Summary Judgment, this issue will arise again at trial.[1]

Plaintiff Jack Must ("Mr. Must") brings a claim for age discrimination arising out of the termination from his employment as a Store Manager for Defendant American Furniture Warehouse ("AFW") at age 49.  He admits AFW offered him a chance to return to the sales position for which he had been hired, but he rejected it on the spot, twice taunting AFW "I'll see

---

[1] Pursuant to D.C.COLO.LCivR 7.1A, undersigned counsel contacted opposing counsel about this motion and the underlying issue. Opposing counsel indicated he reserves the right to oppose this motion.

you in court." He felt at the time that he was a victim of discrimination, intended to sue, and retained a lawyer. Nevertheless, he also destroyed all the documents about the last two months of his employment, except for a few self-serving hand-written notes about some of his interactions with management, and a tape recording of part of a conversation, which were materials he thought "he needed." AFW seeks as relief an order precluding Mr. Must from offering testimony concerning this time period, either as part of the summary judgment proceedings or, if summary judgment is denied, at trial.

## II.   FACTS

The following facts are taken from AFW's Brief in Support of Its Motion For Summary Judgment, which is being filed at the same time as this motion, and are supported by the exhibits filed with that Brief. As context, over a month before AFW decided to ask Mr. Must to return to a sales position, a series of incidents took place that provide critical context for the challenged decision to ask Mr. Must to return to sales. See AFW's Brief, subsections II. I. – O.

The following are the facts specific to the destruction of evidence:

  1. When Mr. Zuppa handed Mr. Must the checks he had brought with him and asked him for his keys and to clean out his desk, Mr. Must said "I'll see you in court." Ex. A-3, Jack Must Deposition Transcript, page 141, lines 13 thru 20.

  2. Then Mr. Must said it again, just to see Mr. Zuppa's reaction. Ex. A-3, Jack Must Deposition Transcript, page 141, lines 22 thru 24.

1

EMPLOY\283979.1

3. At the time he quit, Mr. Must intended to take the company to court. Ex. A-3, Jack Must Deposition Transcript, page 90, line 25.

4. Mr. Must was already thinking about suing for age discrimination. Ex. A-3, Jack Must Deposition Transcript, page 143, lines 9 thru 16.

5. Mr. Must did not contact Mr. Jabs about his termination, or the Human Resources Director Ms. Hayes, and did not file a grievance under AFW's policy, even though he thought he had been discriminated against and he knew AFW policy prohibits age discrimination and that he could go to Ms. Hayes with any concerns of discrimination. Ex. A-3, Jack Must Deposition Transcript, page 26, lines 10 thru 13 thru page 27, line 23; page 154, line 11 thru page 155, line 19.

6. He spoke to an attorney within a week or two of his termination. Ex. A. 3, Jack Must Deposition Transcript, page 155, line 24.

7. Mr. Must destroyed his notes of manager's meetings and other personal notes he had kept about his employment, including "probably two months worth of stuff." Ex. A-3, Jack Must Deposition Transcript, page 89, line 13 thru page 91, line 15.

8. The only notes he retained are some notes of his interactions with management beginning with the meeting in Mr. Buscietta's office, and a tape recording he made of part of a conversation with Mr. Zuppa; he destroyed everything else. Ex. A-3, Jack Must Deposition Transcript, page 92, line 22, page 93, lines 21 thru 25; page 115, line 16 thru page 116, line 3, and page 118, line 10 thru page 119, line 15.

9. Mr. Must explained that he does not recall anything that happened during this period covered by the notes (June 2, 2004 through July 6, 2004) other than what is in the

EMPLOY\283979.1

notes; he just kept what he thought was relevant to "what I needed." Ex. A-3, Jack Must Deposition Transcript, pages 115, line 23, page 128, line 19 through page 131, line 18.

### III. ARGUMENT: THE COURT SHOULD LIMIT MR. MUST'S TESTIMONY AS A SANCTION FOR DESTROYING DOCUMENTS RELEVANT TO HIS CLAIMS

Sanctions for spoliation are appropriate if "the plaintiff had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and defendant was prejudiced by the destruction of the evidence." 103 Investors I, L.P. v. Square D Co., 470 F.3d 985, 988-89 (10th Cir. 2006)(affirming sanction of refusing to allow party to offer testimony in light of destroyed documents, as that was "the least severe sanction that would be appropriate to balance out the prejudice to the defendant.").

Here, both of these elements are satisfied. First, at the time Mr. Must quit he believed he had been a victim of discrimination, he had twice announced his intention to sue AFW, and he had decided to see a lawyer. Thus, he clearly had a duty to preserve *all* information about his employment during the last two months. Indeed, he chose to preserve his self-serving notes and a secret tape recording of part of a conversation he had with AFW management; but he only preserved the materials "he needed." He failed to preserve the rest of the information, and instead destroyed all the remaining documents of his last two months of employment.

Second, AFW is prejudiced. Mr. Must claims not to recall his other activities and interactions with management during this time period. These missing documents presumably would indicate details about those interactions. Those interactions would likely support AFW's version of events, but without them, AFW is without helpful evidence.

3

EMPLOY\283979.1

In these circumstances, in order to balance the prejudice to AFW, the Court should preclude Mr. Must's testimony concerning events during this time period – the last two months of his employment. 103 Investors I, L.P, supra. (affirming this sanction).

## IV.   CONCLUSION:

Mr. Must violated his obligation to preserve relevant evidence in this case. The Court should impose sanctions for his destruction of evidence by precluding him from offering testimony concerning the time period covered by the destruction, which was the last two months of his employment. This sanction should apply to all further proceedings in this case, including AFW's motion for summary judgment, and trial if one takes place.

Respectfully submitted this 14th day of January, 2008.

s/ Andrew W. Volin
**Andrew W. Volin, Esq.**
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile:   (303) 298-0940
E-Mail:      AVolin@sah.com

Gary J. Benson, Esq.
DWORKIN, CHAMBERS & WILLIAMS, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO  80210
Phone:(303) 584-0990
Fax:(303) 584-0995
E-mail:gbenson@dnvrlaw.com

*Attorneys for Defendant*
*American Furniture Warehouse*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2008, I electronically filed the foregoing **DEFENDANT'S MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

*Via email: rbhbcolo@aol.com*

Ross B.H. Buchanan, Esq.
BUCHANAN, JURDEM & CEDERBERG, P.C.

                                                    s/M. Chona Baxter, Legal Assistant to
                                                    Andrew W. Volin, Esq.