# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01872-RPM-MEH

JACK MUST,

    Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO.,
a Colorado corporation, d/b/a
AMERICAN FURNITURE WAREHOUSE

    Defendant.

---

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

COMES NOW, Defendant American Furniture Warehouse Co., ("AFW"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Second Set of Requests for Production to Defendant ("Plaintiff's Discovery") as follows

### GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

A.    AFW objects to any request insofar as it seeks materials or information covered by one or more of the following: (a) attorney-client privilege; (b) attorney's work product and mental impressions of the attorney; (c) materials prepared in anticipation of or for litigation; and (d) materials prepared for, at the request of, or by an expert. Such information or documents will not be provided. While a careful effort has been made to exclude privileged information and documents from AFW's responses, if

1

such information and documents are inadvertently produced, AFW does not waive or intend to waive such protection as it pertains to such information and documents or to any other information or documents.

B. AFW objects to each and every Request for Production of Documents to the extent that the Request seeks documents not currently in existence, but which would have to be specially created by AFW. AFW will produce only such documents that already exist in its possession. While a careful effort has been made to identify and produce all non-identical versions of documents, AFW cannot warrant that all such copies have been located.

C. AFW reserves the right to supplement and/or change its answers should further information or documents come into its possession, or be discovered, as this action progresses.

D. AFW objects to any request which is burdensome, oppressive, seeks information which is already known by the party, or which is not relevant to the claims or defenses.

E. AFW objects to producing documents produced by Plaintiff.

F. AFW objects to producing documents previously produced, and those prior productions are incorporated in these responses.

G. Plaintiff worked as a store manager before AFW asked him to transfer to a sales position, which he refused to do and quit. He now claims age discrimination with respect to the circumstances of the separation. These facts and claims establish the relevant areas of discovery. Therefore, AFW objects to Plaintiff's document requests as generally overbroad, and outside the scope of discovery, to the extent they seek

information for a time period other than the time period starting two years prior to the end of Plaintiff's employment, and continuing to the end of Plaintiff's employment. AFW also objects to Plaintiff's document requests as generally overbroad, and outside the scope of discovery, to the extent they seek information concerning comparative treatment of employees other than store managers such as Plaintiff, as information about other types of employees is not relevant to the claims or defenses in this case, and all employees, including other store managers, have privacy interests that can only be protected in part by a protective order.

These General Objections shall apply to all requests, whether or not any reference is made to such objections in AFW's Answer.

## RESPONSES TO REQUESTS FOR
## PRODUCTION OF DOCUMENTS

1. Copies of the monthly "managers handout" or "newsletter" prepared by Crystal Hayes from their inception in approximately February 2001 through July, 2004, as described by Ms. Hayes in her deposition at p. 67, l. 19 – p. 68, l.15.

**RESPONSE:** No documents have been located responsive to this request.

2. All editions of the "Discharge Guidelines" described by Crystal Hayes in her deposition at p. 77, l.18 – p. 80, l. 3, including, but not limited to, those which were in effect as of July, 2004.

**RESPONSE:** AFW objects to this request as not relevant, as it is undisputed that AFW offered Plaintiff a transfer to a sales position. AFW also objects to this request to the extent it seeks Guidelines prepared after Plaintiff's employment ended in July 2004.

3

Subject to, and without waiving those objections, no documents have been located responsive to this request.

3. A copy of the document previously produced by Plaintiff as 000123, showing the full printout of the computer screen, unobstructed by an adding machine tape.

**RESPONSE:** See documents provided numbered AFW-MUST 0933.

4. The Personnel Master File Input/Update/Change forms or comparable **DOCUMENTS** pertaining to the ultimate departure from AFW by Chris Smatla, Carl Willey, Larry Sale, Fred Bode, Robert Moore, Craig Stevenson, Dan Paneda, Kim Sekatano [sic], and Frank Villa, as described by Crystal Hayes in her deposition at p. 104, l. 11 – p. 119, l. 22.

**RESPONSE:** AFW objects to this request to the extent it implies that all the individuals listed are former employees (Stevenson, Sicchitano, and Villa are still employed). Subject to, and without waiving that objection, see documents provided marked confidential and numbered AFW-MUST 0934-985 (which also include additional copies of documents previously produced concerning these individuals).

5. Any and all **DOCUMENTS** pertaining to the delivery and installation of the signature capture system at the Westminster store, including any pertaining to delivery of components, and work orders pertaining to their installation, adjustment and/or testing.

**RESPONSE:** AFW objects to this request to the extent it seeks documents about the signature capture system from after Plaintiff's employment ended in July 2004.

4

Subject to, and without waiving that objection, no documents have been located responsive to this request.

6. All memos sent out by Andrew Zuppa or others discussing AFW's change in health care coverage, as described in his deposition at p. 108, l. 1 – p. 109, l. 17.

**RESPONSE:** No documents have been located responsive to this request.

7. Any and all **DOCUMENTS** reflecting the guideline described by Jake Jabs in his deposition at p. 73, l. 7 – p. 75, l. 14 regarding the calculation of the appropriate number of salespeople in an **AFW** store.

**RESPONSE:** No documents have been located responsive to this request.

Dated this 29th day of November, 2007.

SHERMAN & HOWARD, LLC

By: _____
Andrew W. Volin
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
FAX: (303) 298-0940
E-mail: avolin@sah.com

Attorneys for Defendant
American Furniture Warehouse

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT were mailed by US Mail, postage prepaid to the following addresses:

Ross B.H. Buchanan, Esq.
Buchanan, Jurdem & Cederberg, P.C.
1621 18th St, Suite 260
Denver, CO 80202
rbhbcolo@colo.com

*M. Chona Baxter* (signature)
M. Chona Baxter