# EXHIBIT 12

BEFORE THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Charge No. 320-2005-01650

JACK MUST,

Charging Party,

and

AMERICAN FURNITURE WAREHOUSE,

Respondent.

RECEIVED

JUN 1 5 2005

EEOC DENVER
DISTRICT OFFICE

## RESPONDENT'S POSITION STATEMENT FILED
## IN RESPONSE TO THE CHARGE OF DISCRIMINATION

The Respondent, American Furniture Warehouse ("AFW"), by and through its counsel,

Dworkin, Chambers & Williams, P.C., respectfully submits its Position Statement in Response to

the Charge of Discrimination filed by Mr. Jack Must ("Mr. Must"). In support of its position, the

Respondent states as follows:

### PROCEDURAL BACKGROUND

The charging party in this matter, Mr. Must filed a Charge of Discrimination with the

EEOC (Charge No. 320-2005-01650) on or about May 05, 2005, alleging that he has been

discriminated against by the respondent, AFW, based on his age. AFW sought an extension of

time up to and including June 14, 2005 to file their response via correspondence to Andrew G.

Williams with the EEOC on June 6, 2005. Thus, AFW's response is timely filed on June 14,

2005.

1

## FACTUAL BACKGROUND

Mr. Must began his employment in Sales with AFW on June 29, 1998.[1] In June of 1999, Mr. Must began management training and on February 4, 2001, Mr. Must was promoted to Assistant Store Manager for AFW's Westminster Store. Mr. Must was promoted to the position of Assistant Store Manager by Mr. Andrew Zuppa, the General Manager for all of AFW's operations.[2] On or about June 25, 2001, Mr. Must was promoted once again by Mr. Zuppa into the position of Store Manager of the AFW Westminster store.

After Mr. Must's promotion to Store Manager his performance began to drop. On July 5, 2002, Mr. Must received a written personnel action for his sub par performance as Store Manager. Mr. Must was disciplined for allowing some employees to come in late when others were required to begin their shift at the required start time. Mr. Must also failed to hold required daily Sales Meeting at the mandated time of 9:45 a.m. In addition, Mr. Must was disciplined for his failure to maintain a clean store. These problems were documented and acknowledged by Mr. Must. **See Exhibit 1 attached hereto.**

On July 11, 2002, the CEO of AFW, Jake Jabs, wrote Mr. Must a letter concerning his performance as Store Manager. Mr. Jabs was concerned with Mr. Must's management of the salespersons in the Westminster store. Particularly, Mr. Jabs was concerned with Mr. Must's relaxed attitude towards the salespersons and his failure to hold them accountable when they showed up to work late, failed to send "thank you" letters to customers, and failed to submit their required reports. Mr. Jabs was also concerned with Mr. Must's attitude towards taking ownership of the store and responsibility for his role as manager of all store operations. See **Exhibit 2 attached hereto.**

---

[1] Mr. Must was a rehire since he had previously worked for AFW as a salesperson from 1988 to 1992.
[2] Mr. Zuppa was the Assistant General Manager for AFW at the time of Mr. Must's promotion to management with AFW.

After July 2002 and during the next two years Mr. Must received various verbal counseling and warnings from Jake Jabs, Andrew Zuppa and Mike Buscietta regarding his performance as Store Manager of AFW's Westminster store. In fact, Mr. Must never received a pay increase in his position as Store Manager from the time he was promoted to Store Manager in June 2001 until his termination in July 2004.[3]

In July 2004, after repeated warnings regarding his performance, Mr. Must still had not shown improvement in his position as Store Manager. Specifically, in 2004, Mr. Must was told by Mr. Zuppa to have more salespersons working the store during the night shift to accommodate customers. During a subsequent visit to the Westminster store Mr. Zuppa discovered only one salesperson working on a particular evening. The very next night, Mr. Zuppa witnessed that Mr. Must only had two salespersons working. Mr. Zuppa also observed that customer service was an issue in the Westminster store as he witnessed customers walking around and not being helped.

Mr. Must complained to Dale Pepper, Assistant General Manager at AFW about having to work on the 4th of July (one of the mandatory workdays). Mr. Must was fully aware of the mandatory workdays for Managers and Employees during the busy holiday time in order to meet customer needs. **See Exhibit 3 attached hereto.** Mr. Must talked negatively about AFW and upper management thus failing to maintain a positive attitude regarding AFW. In addition, AFW was also concerned with Mr. Must's behavior towards upper management. In response to these various issues, Mr. Must was asked to transfer to a Sales position.   Mr. Must resigned from his employment with AFW after refusing to accept a transfer to the position as salesperson.

Mr. Zuppa made the decision to discipline Mr. Must for his poor performance, and finally made the decision to demote Mr. Must from Store Manger to Salesperson. Mr. Zuppa's decision

---

[3] Store Managers receive pay increases based on their performance. Mr. Must's failure to receive a pay increase after he was promoted to Store Manager supports AFW's position that his performance continued to be poor and below satisfactory from June 2001 to July 2004.

3

had nothing to do with Mr. Must's age and everything to do with his performance. Mr. Zuppa was the same individual who made the decision to promote Mr. Must into management and ultimately into the position of Store Manager. Mr. Zuppa wanted Mr. Must to succeed, and his determination that Mr. Must was not performing as a Store Manager had absolutely nothing to do with Mr. Must's age.

## RESPONSE TO ALLEGATIONS

The Charging Party in his EEOC Notice of Charge of Discrimination has alleged a violation of The Age Discrimination in Employment Act ("ADEA") against AFW. Particularly, Mr. Must alleges that he was discharged from his position as manager of AFW on July 6, 2004, when he was 49 years old, and replaced by a manager who was 28 years old. Mr. Must also claims that any reason put forth by AFW regarding his termination would be pretextual. The Charging Party alleges that he was discharged as manager of AFW despite his good performance with the company. Mr. Must is seeking back and front pay, liquidated damages, attorney's fees, costs, and a cease and desist order.

Mr. Must allegations fail to establish a *prima facie* case of age discrimination recognized under the ADEA. A plaintiff alleging discrimination on the basis of age may prove intentional discrimination through either direct evidence of discrimination (e.g. oral or written statement on the part of a defendant showing a discriminatory motivation) or indirect (i.e. circumstantial) evidence of discrimination. Kendrick v. Penske Trans. Serv., Inc., 220 F.3d 1220 (10th Cir. 2000) (Title VII); Dirusso v. Aspen School District No. 1, 2004 WL 2898069 (10th Cir. 2004) (ADEA) (unpublished) (copy attached hereto as **Exhibit 4**). To establish discrimination, the plaintiff's age must have actually played a role in the decision making process and had a

4

determinative influence on the outcome. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000) (ADEA case).

Here, Mr. Must has not produced any direct evidence of age discrimination. Thus, he must rely on the indirect method. The Supreme Court set forth the framework for assessing circumstantial evidence of discrimination in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, an ADEA plaintiff claiming an unlawful termination must establish a *prima facie* case by showing that (1) he is within the protected age group; (2) his work performance was satisfactory; (3) his employment was terminated; and (4) his position was filled by a younger person. Rivera v. City and County of Denver, 365 F.3d 912, 920 (10th Cir. 2004). The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination decision. Id. Once the employer has done so, the plaintiff may resist summary judgment by presenting evidence either that the employer's stated reason is pretext or that the termination decision was motivated by age discrimination. Doke v. PPG Industries, Inc., 2004 WL 2677688 (10th Cir. Nov. 24, 2004) (unpublished) (copy attached hereto as **Exhibit 5**) (citing Danville v. Reg'l. Lab Corp., 292 F. 3d 1246, 1250 (10th Cir. 2002)).

Mr. Must fails to establish a *prima facie* case of age discrimination. Mr. Must is within the protected age group, 49 years old. However, Mr. Must's work performance was not satisfactory, thus failing to meet the second requirement for establishing a *prima facie* case. As indicated in the Factual Background Section, there were numerous problems with Mr. Must's performance as a Store Manager including his management of employees within the store, his attitude toward the company and upper management, his ability to handle customer service

within the store and his attitude regarding the mandatory work days for employees and managers.

Mr. Must was originally hired in a Sales position and was unable to meet the duties and responsibilities of management. Mr. Must's performance as a Store Manager was anything but satisfactory and thus in the best interest of the company, AFW was left with no other alternative than to demote Mr. Must. AFW's decision to demote Mr. Must was not based on his age. Thus, AFW has met its burden of providing a facially nondiscriminatory reason for demoting Mr. Must.

Unless Mr. Must can provide evidence that shows AFW's legitimate, non-discriminatory reason is pretextual, his claim under the ADEA cannot survive. Pretext may be shown "by such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's reason that a reasonable fact-finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted reason." Doke, 2004 WL 2677688 at pg. 3. Mr. Must alleges that AFW gave no reasons for his discharge and that any reasons now put forth by AFW would simply be pretextual. This allegation is misleading and unsupported. Mr. Must was told and received notice from upper management as well as the CEO of AFW regarding his unsatisfactory performance as Store Manager. In addition, AFW's Westminster store, when managed by Mr. Must, was the lowest performing store operated by AFW. When Mr. Must was approached about the poor performance of the Westminster store he became rude and disrespectful to upper management. These are just a few reasons why Mr. Must was offered a demotion to the position of salesperson.

AFW does not discriminate on the basis of race, color, creed, **age**, ancestry, national origin, disabilities, except in certain instances where age, sex or physical/disabilities would

6

constitute a bonafide occupational qualification reasonably necessary to the normal operation of a specific job. **(See Exhibit 6, Personnel Policies dated January 2004, Section 2.1; 2.2 and 2.3).** Mr. Must was not singled out due to his age. Age was never discussed with him nor was it ever an issue. In fact, the CEO of AFW is 75 years old and a large percentage of management is over 40 years old. As of the date of Mr. Must's termination, around July 2004, AFW had twenty-seven (27) management personnel including store managers and assistant store managers of which only a few were under 40 years old. **See Exhibit 7 attached hereto.** The single allegation that Mr. Must was replaced by a 28 year old employee is not sufficient evidence to prove that AFW's legitimate, nondiscriminatory reasons for demoting Mr. Must were pretextual.

## CONCLUSION

Respondent believes that after a thorough review of the facts and supporting documentation that it will be clear that AFW is an employer that refuses to discriminate against any qualified employee based on race, color, creed, age, ancestry, national origin, or disabilities.

In the event the EEOC needs any further assistance in clarifying any of the facts or circumstances surrounding this matter please contact counsel at your earliest convenience.

DATED this 14ᵗʰ day of June, 2005.

DWORKIN, CHAMBERS & WILLIAMS, P.C.

By: _____

Gary J. Benson, #19681
3900 East Mexico Avenue, Suite 1300
Denver, Colorado 80210
(303) 584-0990
Attorney for Respondents

7

## CERTIFICATE OF HAND DELIVERY

The undersigned hereby certifies that on this 14th day of June 2005, a true and correct copy of the foregoing **RESPONDENTS' POSITION STATEMENT FILED IN RESPONSE TO THE CHARGE OF DISCRIMINATION** was Hand Delivered to:

Andrew G. Williams, Supervisory Investigator
EEOC
Denver District Office
303 E. 17th Ave., Suite 510
Denver, CO 80203

8