# EXHIBIT 23

rec'd 7/16/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01872-RPM-MEH

JACK MUST,

    Plaintiff,

vs.

AMERICAN FURNITURE WAREHOUSE CO.,
a Colorado corporation, d/b/a
AMERICAN FURNITURE WAREHOUSE

    Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW, Defendant American Furniture Warehouse Co., ("AFW"), by and through its undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Combined Interrogatories and Requests for Production to Defendant ("Plaintiff's Discovery") as follows

## GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS TO INTERROGATORIES

A. AFW objects to any interrogatory insofar as it seeks materials or information covered by one or more of the following: (a) attorney-client privilege; (b) attorney's work product and mental impressions of the attorney; (c) materials prepared in anticipation of or for litigation; and (d) materials prepared for, at the request of, or by an expert. Such information or documents will not be provided. While a careful effort has been made to exclude privileged information and documents from AFW's answers, if

1

EMPLOY\235800.1

such information and documents are inadvertently produced, AFW does not waive or intend to waive such protection as it pertains to such information and documents or to any other information or documents. All documents prepared by or for AFW's counsel, from the time of Plaintiff's charge of discrimination up through the conclusion, are hereby claimed as privileged and/or work product.

B.   AFW reserves the right to supplement and/or change its answers should further information or documents come into its possession, or be discovered, as this action progresses.

C.   AFW objects to any interrogatory which is burdensome, oppressive, seeks information which is already known by the party, or which is not relevant to the claims or defenses.

D.   AFW objects to any interrogatory requesting AFW to exercise discretion both as to the extent of the investigation to be undertaken and what to include or exclude from a given answer. A party cannot be obligated to do an opposing party's investigation or to prepare a case for that party. See Wright & Miller Federal Practice and Procedure, § 2174.

E.   Plaintiff worked as a store manager before AFW asked him to transfer to a sales position, which he refused to do and quit. He now claims age discrimination with respect to the circumstances of the separation. These facts and claims establish the relevant areas of discovery. Therefore, AFW objects to Plaintiff's interrogatories as generally overbroad, and outside the scope of discovery, to the extent they seek information for a time period other than the time period starting two years prior to the end of Plaintiff's employment, and continuing to the end of Plaintiff's employment. AFW

2

EMPLOY\235800.1

also objects to Plaintiff's interrogatories as generally overbroad, and outside the scope of discovery, to the extent they seek information concerning comparative treatment of employees other than store managers such as Plaintiff, as information about other types of employees is not relevant to the claims or defenses in this case, and all employees, including other store managers, have privacy interests that can only be protected in part by a protective order.

F.   AFW asserts its right to produce documents responsive to interrogatories, as set forth in Fed.R.Civ.P.33(d).

These General Objections shall apply to all interrogatories, whether or not any reference is made to such objections in AFW's answers.

## RESPONSE TO INTERROGATORIES

1.   **IDENTIFY** the **AFW** employee(s) who are most knowledgeable regarding the compilation of the monthly sales reports such as have been produced as document No. 00011 by Plaintiff, and the "sales by store location" reports such as those produced as documents Nos. 000263-000265 by Plaintiff.

> **RESPONSE:** Andrew Zuppa, General Manager
> American Furniture Warehouse
> 8820 American Way
> Englewood, CO 80112
> 720-873-8613
>
> Lori Tielke
> American Furniture Warehouse
> 8820 American Way
> Englewood, CO 80112
> 720-873-8643

2.   State **AFW's** next scheduled payday after the date of Jack Must's termination, July 6, 2004.

3

EMPLOY\235800.1

RESPONSE: AFW objects to this interrogatory as argumentative to the extent the word "termination" is defined to mean fired by AFW, because Plaintiff was not fired – he quit by refusing a request to return to sales. Subject to that objection, the pay period ending July 4, 2004 would normally have been paid to Mr. Must on July 9, 2004. Mr. Must, instead, was paid by check dated July 6, 2004. (see document no. 124). The next pay period ended July 11, 2004, and would normally have been paid by check dated July 16, 2004, and distributed that day or the next. However, because AFW was asking Plaintiff to return to a sales position, with a different compensation system based on commissions rather than the salary he had paid, in order to ease the transition, AFW planned to continue his salaried compensation for a period of time into his new sales position. Therefore, AFW also paid Plaintiff on July 6, 2004 the paycheck that he otherwise would not have received until approximately July 16, 2004 (see document no. 125). Plaintiff had not earned this entire paycheck as of July 6, 2004. AFW also paid Plaintiff on July 6, 2004, an additional weeks pay, as part of this planned transition to the sales commission compensation system (see document no. 126). Finally, because the vacation and sick pay benefits Plaintiff had earned as a Store Manager were worth more in that position than in a sales position, AFW "cashed out" those amounts for him (see document nos. 127-130).

3. For each of the following individuals, list their last known address and telephone number, date of birth, date of termination, position terminated from, reason for termination, their last weekly salary amount and **IDENTIFY** their replacement, state such replacement's date of birth, and their weekly salary amount as of their promotion to the position formerly occupied by the terminated employee: Venessa Apodaca, Sue

4

Dated this 16th day of July, 2007.

> DWORKIN CHAMBERS, WILLIAMS,
> YORK, BENSON, & EVANS, P.C.
>
> By: /s/ Gary J. Benson
> Gary J. Benson
> 3900 E. Mexico Ave., Suite 1300
> Denver, CO 80210
> Telephone: (303) 584-0990
> FAX: (303) 584-0995
> E-mail: gbenson@dnvrlaw.com
>
> And
>
> SHERMAN & HOWARD, LLC
>
> By: s/ Andrew W. Volin
> Andrew W. Volin, #19020
> 633 Seventeenth Street, Suite 3000
> Denver, Colorado 80202
> Telephone: (303) 297-2900
> FAX: (303) 298-0940
> E-mail: avolin@sah.com
> Attorneys for Defendant
> American Furniture Warehouse

14

EMPLOY\235800.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2007, the foregoing Response to Discovery Requests were mailed by US Mail, postage prepaid to the following addresses:

Ross B.H. Buchanan, Esq.
Buchanan, Jurdem & Cederberg, P.C.
1621 18th St, Suite 260
Denver, CO 80202
rbhbcolo@colo.com

15

EMPLOY\235800.1